David S. Gingras, CSB 218793
**Gingras Law Office, PLLC**
4802 E. Ray Road, #23-271
Phoenix, AZ 85044
Tel.: (480) 264-1400
Fax: (480) 248-3196
David@GingrasLaw.com

Attorney for Plaintiffs
The Blacklist Online, LLC and
Shalon Doney

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BLACKLIST ONLINE, LLC, a Delaware limited liability complaint; SHALON DONEY, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>MATTHEW WAGNER, an individual; ADAM CAMBELL, an individual;<br><br>Defendants. | Case No. 22-cv-2378-DSF-MAR<br><br>**AMENDED<br>JOINT RULE 26(F) REPORT**<br><br>**Hearing Date: Sept. 26, 2022<br>Time: 11:00 AM** |

Pursuant to Fed. R. Civ. P. 26(f) and the order of this Court issued on August 16, 2022 (Doc. 11), the Parties respectfully submit this Joint Rule 26(f) Report.

    **A.**    **Statement Of The Case**

Plaintiff The Blacklist Online, LLC ("TBO") owns and operates a cannabis-related news website located at https://theblacklist.xyz and a related Instagram page located at: https://www.instagram.com/theblacklistxyz/, both of which were started in 2017. TBO owns a federally-registered trademark in the mark which contains the words "THE BLACKLIST" depicted against "two concentric circles" and a "man depicted in shadows wearing a hooded sweatshirt". It is undisputed the sole member and manager of TBO is Plaintiff Shalon Doney

("Doney").

Ms. Doney is currently married to Defendant Adam Campbell and have an active dissolution action ongoing. Ms. Doney and Mr. Campbell were married on December 30, 2016. Because TBO was formed during the marriage of Ms. Doney and Mr. Campbell, it is undisputed the martial community has an interest in the company.

Mr. Campbell filed for divorce from Ms. Doney in Los Angeles County Superior Court in mid-2020. The initial petition was dismissed when the parties reconciled, but then re-filed in March 2021. As of the date of this report, the dissolution case remains pending with Mr. Campbell's Request for Order for among other things the appointment of a Forensic Accountant set for hearing on November 17, 2022. At this time the Superior Court has not made any rulings, temporary or otherwise, relating to the distribution or control of any property, including TBO.

Ms. Doney claims that although TBO was formed during her marriage to Mr. Campbell, she was the sole person to manage and control the business from its inception through the present day. For his part, Mr. Campbell disputes these allegations.

At this point, the Court may be asking itself: "These issues all sound like they should be resolved as part of the pending dissolution action? Why on Earth is this case here in federal court?"

The answer to that question is as follows: Ms. Doney alleges that in early 2022, Ms. Doney discovered that Mr. Campbell, and a third party (Defendant Matthew Wagner) were continuing to use TBO's registered trademark in business. Specifically, Mr. Wagner and Mr. Campbell, among other things, were holding themselves out as the "owners" or "operators" of TheBlacklist when, in fact, they were not.

Ms. Doney also alleges that she discovered that Mr. Campbell and/or Mr. Wagner created at least two counterfeit social media pages using TBO's registered trademark "THE BLACKLIST", both of which are shown below. Mr. Campbell alleges that those pages were created by Ms. Doney and Mr. Campbell in advance of the launch party they were planning for "THE BLACKLIST VERIFIED", which was a companion business intended to work in

conjunction with TBO. These pages are shown below

Page #1—https://www.instagram.com/theblacklistxyz_investigates/



Page #2—https://www.instagram.com/theblacklistxyz_verified/



Ms. Doney agrees the *value* of the community interest in TBO is certainly *not* a matter this

Court may resolve. That is purely an issue for the family court to consider and address. At the same time, TBO's Complaint in this case alleges that Mr. Wagner (who is not a party to the divorce) and Mr. Campbell have used, and are continuing to use, TBO's registered trademark in a manner that violates TBO's exclusive rights to that mark.

### B. Subject Matter Jurisdiction

Ms. Doney alleges this Court has federal subject matter jurisdiction under 28 U.S.C. § 1331 because this case involves claims arising under federal law, specifically the Lanham Act, 15 U.S.C. §§ 1114 and 1125.

Ms. Doney, of course, recognizes and agrees that some parts of this case implicate issues of California community property law (i.e., the value of the community interest in TBO and the ultimate disposition of that asset). Ms. Doney agrees that this Court is *not* the proper forum to resolve those issues. However, Mr. Wagner and TBO are <u>not</u> parties to the family court proceeding. Thus, they cannot be bound by any rulings the state court makes, nor can Mr. Wagner or any other non-parties be ordered to cease violating TBO's trademark rights. Those are plainly federal issues outside the state court's jurisdiction.

Accordingly, despite some admitted overlap between the state and federal cases, this Court should not abate or delay the disposition of this action related to the federal trademark issues simply because there is a parallel state court proceeding which involves some related issues; "The rule that permits simultaneous litigation in state and federal court of overlapping and even identical cases is deeply rooted in our system." *Noel v. Hall*, 341 F.3d 1148, 1159 (9th Cir. 2003) (citing, *inter alia*, *Green v. City of Tucson*, 255 F.3d 1086, 1097–98 (9th Cir. 2001) (en banc) (holding parallel state and federal litigation is inherent in our legal system, and "the possibility of duplicative litigation is a price of federalism").

### C. Legal Issues

Insofar as Plaintiffs are concerned, this case is extremely simple – TBO owns a federally registered trademark in "THE BLACKLIST", and TBO wants to stop Defendants from infringing

that mark. Legally, the standards in this regard are also simple and clear; to prevail on a claim of trademark or trade name infringement under the Lanham Act or common law, a plaintiff "must prove: (1) that it has a protectable ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion." *Network Automation, Inc. v. Advanced Sys. Concepts*, 638 F.3d 1137, 1144 (9th Cir. 2011) (quoting *Dep't of Parks & Rec. v. Bazaar Del Mundo*, Inc., 448 F.3d 1118, 1124 (9th Cir. 2006)). Plaintiffs believes both of these elements are undisputed.

Defendants contend that they have not infringed TBO's mark. Mr. Wagner has not held himself out as TBO or otherwise used TBO's mark since he stopped working for it in November 2021. However, Mr. Wagner is still sometimes referred by others in the cannabis community as "with or from the blacklist" because he alleges he was the face of TBO while he worked there. Mr. Campbell for his part alleges that the pages referenced above were community property pages that Ms. Doney helped create and assigned to Mr. Campbell. At no time has Ms. Doney made a demand or request for the community asset pages she helped create, which Mr. Campbell contends is a matter that should be decided by the family law court.

Plaintiffs assert this argument is foreclosed by Cal. Fam. Code § 1100(d) which provides, in part:

> Except as provided in subdivisions (b) and (c), and in [Family Code] Section 1102, <u>a spouse who is operating or managing a business or an interest in a business that is all or substantially all community personal property has the primary management and control of the business or interest</u>. Primary management and control means that <u>the managing spouse may act alone in all transactions</u> but shall give prior written notice to the other spouse of any sale, lease, exchange, encumbrance, or other disposition of all or substantially all of the personal property used in the operation of the business (including personal property used for agricultural purposes), whether or not title to that property is held in the name of only one spouse. (emphasis added).

Ms. Doney claims that she, and only she, has engaged in the "primary management and control" of TBO's business operations from its inception through the present. If this assertion is true, then Mr. Campbell would not have authority to act on behalf of TBO, nor would he have

authority to use TBO's marks, or to authorize anyone else to do so.

**D.     Parties, Evidence, Etc.**

The parties to this action are:

-THE BLACKLIST ONLINE, LLC, a Delaware limited liability company;

-SHALON DONEY, an individual;

-ADAM CAMPBELL, an individual;

-MATT WAGNER, an individual

The evidence will consist of corporate documents from TBO which are controlled by Ms. Doney and/or other members of the LLC, TBO's Instagram page including direct messages, website data content, text messages, voicemails and emails among other types of digital communication.

Defendants percipient witnesses shall include Khaled Azar, Dallas Imbimbo, and other individuals who Defendants allege have or had an ownership interests in TBO.

**E.     Damages**

At this time, Plaintiffs are not seeking any monetary damages. Rather, Plaintiffs merely seek to prevent Defendants from using TBO's marks without permission.

Defendant Campbell believes damage related claims will be resolved in the Family Law case and that this court is not the proper court for that determination.

Defendant Wagner in the declaratory relief portion of the case does have a potential claim for damages based on the value of TBO. At this time the realistic range of provable damages is difficult to ascertain without some initial discovery.

**F.     Insurance**

The parties are not aware of any insurance that would apply to any claims/issues in this case.

**G.     Motions**

Defendant Campbell intends to file a motion to stay this action pending resolution of the

family law matter.

**H.     Status of Discovery**

Discovery in this matter has not yet started. Defendant Campbell's responsive pleading will be filed before the scheduling conference. Counsel are in regular communication and do not anticipate any discovery issues in this case.

**I.     Discovery Plan**

Defendants intend to take the depositions of Ms. Doney, Mr. Azar, and Mr. Imbimbo before the middle of 2023.

Defendants also intend to send requests for production of documents to TBO and Ms. Doney related to her claims of sole management and operation of TBO since its inception, Mr. Wagner's roles within TBO, the creation of TBO and Mr. Campbell's role in its creation, management, and operation. Defendant intends to send those requests by the end of September. After reviewing the produced documents, Defendants intent to send requests for admissions to TBO and Ms. Doney.

**J.     Discovery Cut-off**

Defendants believe a discovery cut-off date late 2023 is reasonable.

**K.     Expert Discovery**

The parties do not anticipate the need for any experts.

**L.     Dispositive Motions**

The parties do not intend to file any dispositive motions.

**M.     ADR/Settlement Discussions**

The parties are amenable to participating in one or more settlement conferences before a United States Magistrate Judge.

**N.     Trial Estimate**

Plaintiffs currently estimate the trial of this matter will last no more than one court day.

Defendants believe this is a short trial, but not one that can be completed in one court day.

Rather, defendants believe a 3 day estimate is more reasonable.

**O.     Lead Trial Counsel**

For Plaintiffs: David S. Gingras, Esq.

For Defendants: Daniel S. Miller, Esq.

**P.     Independent Expert or Master**

The parties do not anticipate the need for any independent expert or master.

**Q.     Timetable**

The parties agree to the timelines set forth on the court's website and attach a timetable as exhibit 1 to this filing.

**R.     Magistrate Judge**

The parties are amenable to this matter being heard by a United States Magistrate Judge for all purposes.

**S.     Class Actions**

This is not a class action.

**T.     Other Issues**

None at this time.

DATED: September 22, 2022.        **GINGRAS LAW OFFICE, PLLC**

*/s/ David Gingras*
David S. Gingras, Esq.
Attorney for Plaintiffs

DATED: September 22, 2022        **LAW OFFICE OF DANIEL S. MILLER**

*/s/ Daniel Miller*
Daniel S. Miller, Esq.
Attorney for Plaintiffs

## SCHEDULE OF PRETRIAL AND TRIAL DATES

**CASE NAME:**   The Blacklist Online, LLC v. Matthew Wagner, et al.

**CASE NO:** 22-cv-2378-DSF-MAR

| Matter | Time | Weeks before trial | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|---|
| Trial (jury)(court) (length ___days) **(Tuesday)** | 8:30 am | **6/13/2023** | **3** | **3** | |
| Pretrial Conference, LR 16; Hearing on Motions in Limine **(Monday)** | 3:00pm | 4 | **5/13/2023** | **5/13/2023** | |
| <u>Trial Documents (Set Two)</u> **All Trials:** Lodge Pretrial Conference Order, LR 16-7; File Oppositions to Motions in Limine **Jury Trial Only**: File Agreed Set of Jury Instructions and Verdict Forms; Statement Regarding Disputed Instructions and Verdict forms | | 6 | **5/1/2023** | **5/1/2023** | |
| <u>Trial Documents (Set One)</u> **All Trials:** File Memo of Contentions of Fact and Law, LR 16-4; Exhibit & Witness Lists, LR 16-5, 6; Status Report Regarding Settlement; Motions in Limine (no more than five motions per side may be filed without Court permission) **Court Trial Only**: Lodge Findings of Fact and Conclusions of Law, LR 52; File Summaries of Direct Testimony (optional) | | 7 | **4/24/2023** | **4/24/2023** | |
| Last day to conduct ADR Proceeding, LR 16-15 | | 12 | **3/20/2023** | **3/20/2023** | |
| Last day to **hear** motions (except motion to amend pleadings or add parties and motions in limine), LR 7 **(Monday)** | | 14 | **3/6/2023** | **3/6/2023** | |
| Non-expert Discovery Cut-off | | 21+ | **1/23/2023** | **1/23/2023** | |
| Expert Disclosure (initial) | | | **N/A** | **N/A** | |
| Expert Disclosure (rebuttal) | | | | | |
| Expert Discovery Cut-off | | 21+ | **1/23/2023** | **1/23/2023** | |
| Last day to **hear** motion to amend pleadings or add parties **(Monday)** | | 32+ | **11/21/2023** | **11/21/2023** | |

LR 16-15 ADR Choice:   [XX] 1. USMJ           [ ] 3. Outside ADR

[ ] 2. Attorney Settlement Panel

**Exhibit 1**

10