LAW OFFICE OF DANIEL S. MILLER
DANIEL S. MILLER, CBN 199086
412 Olive Ave. #620
Huntington Beach, California  92648
714-342-5992
danmilleresq@mac.com

Attorney for Defendant Adam Campbell

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| THE BLACKLIST ONLINE, LLC, a Delaware limited liability complaint; SHALON DONEY, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>MATTHEW WAGNER, an individual; ADAM CAMPBELL, an individual;<br><br>Defendants.<br><br>AND RELATED CROSS-CLAIMS | CASE NO.:   22-cv-2378<br><br>**ADAM CAMPBELL'S ANSWER TO COMPLAINT**<br><br><br><br>FILE DATE:         April 8, 2022<br>TRIAL DATE: |
|---|---|

Defendant Adam Campbell ("Campbell") answers the Complaint filed by THE BLACKLIST ONLINE, LLC, a Delaware limited liability company and SHALON DONEY, an individual as follows:

**GENERAL DENIAL**

Except as expressly admitted herein, Campbell denies each and every paragraph in the Complaint.

1.  Campbell admits that the action seeks to resolve a dispute concerning ownership and operation of a popular cannabis-related news website called "The Blacklist" and certain

other disputed matters between the parties. Campbell denies that he is unlawfully misappropriating Plaintiff's federal intellectual property rights.

2. Campbell admits the allegations in Paragraph 2.

3. Campbell admits the allegations in Paragraph 3.

4. Campbell admits the allegations in Paragraph 4.

5. Campbell admits that Doney is an individual currently residing in the State of California. Campbell denies that Doney was the organizer, sole owner, and sole member of The Blacklist Online, LLC.  Rather, the Blacklist Online, LLC was formed at the direction of Campbell and his separate property funds, cannabis expertise and prior business ideas and ventures were used to create The Blacklist Online, LLC ("TBO").

6. Paragraph 6 constitutes legal conclusions and requires no response.

7. Paragraph 7 constitutes legal conclusions and requires no response.  If a response is required, Campbell admits he resides in California.

8. Paragraph 8 constitutes legal conclusions and requires no response.

9. Campbell admits that the transactions and occurrences involved in this matter took place in Los Angeles County and other locations in California. The rest of Paragraph 9 constitutes legal conclusions and requires no response.

10. Campbell admits the allegations in Paragraph 10.

11. Campbell admits the allegations in Paragraph 11.

12. Campbell admits the allegations in Paragraph 12.

13. Campbell denies that "Doney decided" to create a new public forum for the purpose of discussing and sharing news, information, and commentary related to the cannabis industry. Rather, in or around 2017, Campbell decided to create a new public forum, including the Instagram page located at https://www.instagram.com/theblacklistxyz/.  This public forum was a rebranding of Campbell's separate property business Montana Buds, which provided a variety of services related to the cannabis industry, including an online platform called the Cannabis Education Coalition ("CEC").

14. Campbell admits the allegations in Paragraph 14.

15. Campbell admits the allegations in Paragraph 15.

16. Campbell denies that "Doney" created a website located at https://theblacklist.xyz/. Rather, Campbell directed Doney to create the website and the website was later redesigned and improved by Campbell, Wagner and Doney's efforts and time.

17. Campbell admits that on August 24, 2017, The Blacklist Online, LLC was formed. Campbell admits that Doney was listed as the sole member and manager of TBO but that was done as part of a decision between Campbell and Doney related to how to hold a marital asset based on a variety of factors agreed upon between them.

18. Paragraph 18 references an exhibit and, as such, no response is required.

19. Campbell admits the allegations in Paragraph 19.

20. Campbell denies that at all times TBO was the sole and exclusive owner of the registered trademark. In fact, TBO was originally registered to Michael Myers, and Defendant Wagner was able to identify the loss of this valuable asset and assisted in the recovery of the trademark.

21. Campbell admits the allegation in Paragraph 21.

22. Campbell denies the allegations in Paragraph 21. Wagner worked continuously for TBO from October 2019 to November 2021, except for March 11- April 8, 2021. Wagner was hired as Chief Communication Officer and was given key functions within TBO. At the time he was hired, TBO was not yet monetizing its website and related social media channels. At the time Wagner was hired (and continuously thereafter), Doney and I promised that if Wagner could figure out how to monetize TBO, he would be given a 1/3 ownership interest in TBO.

23. Campbell denies the allegation in Paragraph 23.

24. Campbell denies the allegation in paragraph 24. Wagner worked continuously for TBO from October 2019 to November 2021, except for March 11- April 8, 2021.

25. Campbell denies the allegation in paragraph 25. Wagner worked continuously

for TBO from October 2019 to November 2021, except for March 11- April 8, 2021, as set forth in paragraph 22 and 23 above.

26. Campbell lacks sufficient information to admit or deny the allegations in Paragraph 26 and therefore denies them.

27. Campbell admits the allegations in paragraph 27.

28. Campbell denies the allegations in paragraph 28. Wagner worked continuously for TBO from October 2019 to November 2021, except for March 11- April 8, 2021. Wagner was hired as Chief Communication Officer and was given key functions within TBO. At the time he was hired, TBO was not yet monetizing its website and related social media channels. In fact, TBO was floundering, and Campbell was funding TBO with what Wagner believed to be Campbell's separate property funds.

At the time Wagner was hired (and continuously thereafter), Doney and I promised that if Wagner could figure out how to monetize TBO, he would be given a 1/3 ownership interest in TBO. This promise was confirmed repeatedly by both Doney and I.

29. Campbell denies the allegation in paragraph 29.

30. The allegation that Campbell had no significant role in TBO is absurd and Campbell denies the allegation in paragraph 30.

Campbell is literally the hooded man in the registered trademark "The Blacklist", USPTO Reg. No. 6130368 that ("The Blacklist Mark") identified in paragraph 20 of the Complaint. Campbell paid all the bills to develop what has become TBO (using substantial separate property funds in the process), was the knowledge and experience behind TBO, and made decisions for TBO. In several exchanges between Wagner and Doney, she explicit stated that "Adam is the real Blacklist" and "This is all for him".

31. Campbell denies the allegation in paragraph 31.

32. Campbell is unable to admit or deny the allegation in paragraph 32 since it calls for a legal conclusion. Wagner is aware of a pending dissolution of marriage action (case

21CHFL00463) between Doney and Campbell where the ownership, control, and characterization of TBO is being disputed.

33. Campbell is unable to admit or deny the allegation in paragraph 33 since it calls for a legal conclusion. There is a pending dissolution of marriage action (case 21CHFL00463) between Doney and Campbell where the ownership, control, and characterization of TBO is being disputed.

34. Campbell denies the allegation in paragraph 34. Campbell worked alongside Doney and Wagner in all aspects of TBO's business to turn an idea into a profitable business.

35. Campbell is unable to admit or deny the allegation in paragraph 35 since it calls for a legal conclusion.

36. Campbell is unable to admit or deny the allegation in paragraph 36 since it calls for a legal conclusion. Wagner is aware of a pending dissolution of marriage action (case 21CHFL00463) between Doney and Campbell where the ownership, control, and characterization of TBO is being disputed.

37. Campbell denies the allegations in paragraph 37.

38. Campbell denies the allegations in paragraph 38.

39. Campbell denies the allegations in paragraph 39.

40. Campbell denies the allegations in paragraph 40.

41. Campbell is unable to admit or deny the allegation in paragraph 41.

42. Campbell is unable to admit or deny the allegation in paragraph 41.

43. Campbell admits that on March 28, 2022, an email was sent from Jonathan Lyons of Seabright Farms regarding a meeting to be held on August 4, 2022, as alleged in paragraph 43. Campbell denies that he used TBO's trademarks or represented that he was acting on behalf of "The Blacklist" or that the email contains TBO's trademark of a hooded figure with the words "The Blacklist".

44. Campbell is unable to admit or deny the allegation in paragraph 44.

45. Campbell admits that the written agenda prepared by Seabright contained the

word "Blacklist", but not TBO's trademark of a hooded figure with the words "The Blacklist" anywhere in the email. Campbell denies that he represented to Seabright Farms that they were acting on behalf of TBO.

46.  Campbell admits the allegations in paragraph 46, but denies he represented to Seabright Farms that they were acting on behalf of TBO.

47.  Campbell denies the allegations in paragraph 47.

### FIRST CAUSE OF ACTION
### (Trademark Infringement)
### (Against All Defendants)

48.  Campbell repeats and incorporates by reference all the responses to the allegations in the preceding paragraphs.

49.  Campbell denies the allegations in paragraph 49. At no time has Campbell used TBO's registered trademark in commerce without authority.

50.  Campbell denies the allegations in paragraph 49. At no time has Campbell used TBO's registered trademark in commerce without authority.

51.  Campbell denies the allegations in paragraph 49. At no time has Campbell used TBO's registered trademark in commerce without authority.

52.  Wa Campbell gner denies the allegations in paragraph 49. At no time has Campbell used TBO's registered trademark in commerce without authority.

53.  Campbell denies the allegations in paragraph 49. At no time has Campbell used TBO's registered trademark in commerce without authority.

### SECOND CAUSE OF ACTION
### (Declaratory Relief)
### (Against All Defendants)

54.  Campbell repeats and incorporates by reference all the responses to the allegations in the preceding paragraphs.

55.  Campbell admits the allegations in paragraph 55.

56.  Campbell denies the allegations in paragraph 56.

57.     The remaining parts of the Complaint titled "Jury Demand" and "Prayer for Relief" contain statements and alleged legal conclusions for which no response is required.

Dated:  September 26, 2022

By: *Daniel Miller*
Daniel S. Miller
Attorney for Defendant
Adam Campbell

## DEMAND FOR JURY TRIAL

Matthew Wagner hereby demands a jury trial as provided by rule 38(a) of the Federal Rules of Civil Procedure.

Dated:  September 26, 2022

By: *Daniel Miller*
Daniel S. Miller
Attorney for Defendant
Adam Campbell