1  LAW OFFICE OF DANIEL S. MILLER
   DANIEL S. MILLER, CBN 199086
2  412 Olive Ave. #620
   Huntington Beach, California 92648
3  714-342-5992
   danmilleresq@mac.com
4
   Attorney for Defendants Matt Wagner and Adam Campbell
5

                        UNITED STATES DISTRICT COURT

                       CENTRAL DISTRICT OF CALIFORNIA


| THE BLACKLIST ONLINE, LLC, a Delaware limited liability complaint; SHALON DONEY, an individual, | CASE NO.: 22-cv-2378 |
|---|---|
| Plaintiffs, | **MOTION FOR ATTORNEY FEES AND SANCTIONS; DECLARATION OF ADAM CAMPBELL; DECLARATION OF DANIEL MILLER, DECLARATION OF MATT WAGNER** |
| vs. | |
| MATTHEW WAGNER, an individual; ADAM CAMPBELL, an individual; | |
| Defendants. | FILE DATE:   April 8, 2022<br>TRIAL DATE:  October 10, 2023 |
| AND RELATED CROSS-CLAIMS | |

**Introduction**

This was a baseless case brought by an angry Plaintiff against her husband and her former business partner. Plaintiff never provided any of the required initial disclosures, never set forth any damages, refused to identify the basic facts, documents or witnesses who could support her allegations, and continues to avoid having her deposition taken. Plaintiffs should not be allowed to use and abuse the Federal courts as part of their vendetta against these Defendants.

- 1 -

Motion for Attorney Fees and Sanctions

**Legal Standard**

Pursuant to Federal Rule of Civil Procedure 54(d)(2) and 15 USC section 1117(a) and the case law interpreting those sections, Defendants move for an order requiring Plaintiffs to pay for Defendants' attorney fees since this was an exceptional case brought without any legitimate purpose and litigated in a manner designed to delay and cause financial hardship on Defendants.

FRCP 54(d)(2) states:

> *Attorney's Fees.*
>
> (A) *Claim to Be by Motion.* A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
>
> (B) *Timing and Contents of the Motion.* Unless a statute or a court order provides otherwise, the motion must:
>
> (i) be filed no later than 14 days after the entry of judgment;
>
> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
>
> (iii) state the amount sought or provide a fair estimate of it; and
>
> (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

11 USC 1117(a) states:

> *Profits; damages and costs; attorney fees*
>
> When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 1125(a) or (d) of this title, or a willful violation under section 1125(c) of this title, shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover (1) defendant's profits, (2)

any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty. **The court in exceptional cases may award reasonable attorney fees to the prevailing party**.

A district court analyzing a request for fees under the Lanham Act should look to the "totality of the circumstances" to determine if the case is exceptional.[1] SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd., 839 F.3d 1179, 1180 (9th Cir. 2016). In its analysis, the court should "exercis[e] equitable discretion in light of the nonexclusive factors identified in Octane Fitness [LLC v. ICON Health & Fitness, 572 U.S. 545 (2014)] and Fogerty [v. Fantasy, Inc., 510 U.S. 517, 534 (1994)], and us[e] a preponderance of the evidence standard." Id. at 1181. Specifically, the court should consider "factors, including frivolousness, motivation, objective reasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Id. at 1181 (citing

---

[1] Because the fee-shifting provisions in the Lanham Act and Patent Act are "parallel and identical," courts interpret them in the same way. See SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd., 839 F.3d 117, 1180 (9th Cir. 2016).

Octane Fitness, 572 U.S. at 558 n.6).

**<u>Argument</u>**

This case is exceptional, but the Court needs to look beyond the papers that were filed and understand the motivation of Plaintiff Shalon Doney, who controls the Blacklistxyz to see the frivolousness and vindictiveness that caused this case. Doney made it clear to Defendants that she would do anything in her power to destroy them. This Federal lawsuit was just one prong of her following through on that promise.

Prior to filing this lawsuit, Plaintiff Shalon Doney and Defendant Adam Campbell were involved in a divorce action where the ownership and control of the Blacklistxyz was and continues to be decided. <u>Declaration of Campbell</u>, paragraph 11. There was never any reason for Campbell to be named in this case or for him to incur any fees. When Campbell learned about this lawsuit, he informed Doney that he was not using the Blacklistxyz's trademark and that she should dismiss her case and let the matter be resolved in the family court. <u>Declaration of Campbell,</u> paragraph 11. The dispute as to the ownership, control and valuation of the Blacklistxyz is still ongoing. And, like this case, Doney is refusing to respond to basic discovery and produce relevant documents related to the business's finances. Once she does produce those documents, hopefully her deposition can be completed, and this matter resolved finally.

Plaintiff versus Matthew Wagner is also a divorce, albeit a business divorce. Wagner's detailed Answer to the Complaint in this matter fully articulates and details just how frivolous Plaintiffs' allegations against him were from the beginning. Defendants hope the Court will review that filing as part of its consideration of this Motion. Plaintiffs' attempt in this lawsuit to paint Wagner as some insignificant part of the Blacklistxyz's success was clearly without merit as shown by Doney's own words. Further, Doney has continued to interfere with Wagner's ability to earn a livelihood by using the Blacklistxyz to attack Wagner and his new business ventures with Dank Vape. <u>Declaration of Wagner</u>.

Despite starting this case, Plaintiffs never intended to testify or comply with basic fact

discovery. <u>Declaration of Campbell</u>, paragraph 11. As the Court knows, despite being Ordered to provide discovery responses and complete her deposition, Plaintiff simply refused to provide any factual support for her claims. Ultimately, Plaintiffs dismissed their case with prejudice and specifically acknowledged Defendants' right to seek recovery of their attorney fees.

**<u>Attorney Fees</u>**

Defendants have incurred $50,062.50 in attorney fees because of this case. And, ultimately, at the end of the day, Plaintiff refused to testify in support of her claims and dismissed her case with prejudice. Defendants were prepared to defend themselves against these claims at trial and took all reasonable steps to both be prepared and limit the amount of time spent on this case.

**<u>Conclusion</u>**

Defendants should have never incurred any fees in the first place, and this Court has the power to find that such baseless claims fit the definition of an exceptional case. This is a perfect example of a case where the Court can use this Order to deter Plaintiffs (and others like her) from wasting court resources and Defendants' time and money in the future.

Dated:  September 4, 2023

By: *Daniel Miller*
    Daniel S. Miller
    Attorney for Defendants