Michael Hurey (State Bar No. 139,550)
mhurey@kleinberglerner.com
KLEINBERG & LERNER, LLP
1875 Century Park East, Suite 1150
Los Angeles, California 90067-2501
Telephone:(310) 557-1511
Facsimile: (310) 557-1540

Attorneys for Plaintiffs THE BLACKLIST ONLINE,
LLC. and SHALON DONEY

# UNITED STATED DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BLACKLIST ONLINE, LLC, a Delaware limited liability company and SHALON DONEY, | Case No.: 22-CV-02378-SK |
| Plaintiffs, | **PLAINTIFFS' OPPOSITION TO MOTION FOR ATTORNEY'S FEES.** |
| v. | Hearing Time: To be Set<br>Hearing Date: To be Set |
| MATTHEW WAGNER and ADAM CAMPBELL, individuals, | |
| Defendants. | |

OPPOSITION TO MOTION
FOR ATTORNEY'S FEES

1    Pursuant to the Court's order of August 14, 2023 (ECF No. 44) Plaintiffs

2    The Blacklist Online, LLC and Shalon Doney submit this opposition to the

3    Defendants' motion to for attorney's fees. The motion should be denied for several

4    different reasons. As an initial matter, the Defendants have completely ignored the

5    Court's procedural rules which relate to motion practice. With regards to the merits

6    of the present request, the Defendants do not qualify as the prevailing party in this

7    action and this case is not "exceptional" as required by 15 U.S.C. § 1117. Even if

8    the Court is inclined to award fees, the amount Defendants is unreasonable and

9    excessive in the context of the present case.

10                   I.        ARGUMENT

11   A.    The Court Should Deny the Motion Because Defendants Failed to Follow

12         the Requirements of the Local Rule7-3 Prior to Filing.

13         Local Rule 7-3 states "[C]ounsel contemplating the filing of any motion

14   must first contact opposing counsel to discuss thoroughly, preferably in person, the

15   substance of the contemplated motion and any potential resolution. The conference

16   must take place at least 7 days prior to the filing of the motion." Counsel for

17   Defendants did not make any effort to contact counsel for the Plaintiffs prior to

18   filing the present motion. There is no declaration from Defense counsel The first

19   time Counsel for Plaintiffs learned of the present motion was when it was filed a

20   few minutes before midnight on Monday, September 4, 2023. The parties did not

21   have the required meet and confer session.

22         Local Rule 7-3 further states the Notice of Motion must include a statement

23   to the following effect: "This motion is made following the conference of counsel

24   pursuant to L.R. 7-3 which took place on (date)." This required statement does not

25   appear in the Notice of Motion. Counsel for Defendants does not explain why he

26   failed to meet and confer prior to filing the present motion. He also does not ask

27   for permission to be excused from the requirements of Rule 7-3. These failures

28

OPPOSITION TO MOTION
FOR ATTORNEY'S FEES

1  alone permit the Court to deny the present motion, without further consideration.

2  "The Court may decline to consider a motion unless it meets the requirements of

3  L.R. 7-3 through 7-8." Local Rule 7-4.

4        The meet and confer process is not just some procedural nicety. The process

5  provides a valuable means of educating the parties and the Court of the relevant

6  issues. The opposing party gains an understanding of the moving party's position

7  and is then able to conduct appropriate factual and legal research into the topics

8  raised by the motion. Additionally, the opposing party will have an opportunity to

9  educate the moving party about meritorious defenses which may not have been

10  considered. This process results in more informed, and focused, briefs for the

11  court. Counsel for the opposing party is better able to represent their client. In the

12  present instance, the Defendants were deprived of the additional time afforded by

13  Local Rule 7-3. The Court should not permit Defendants to ignore and

14

15  **B.**      <u>The Defendants do not Qualify as the Prevailing Parties in This Case</u>.

16        Attorney's fees in trademark infringement cases are governed by 15 U.S.C.

17  § 1117. It states "[t]he court in exceptional cases may award reasonable attorney

18  fees *to the prevailing party*." (Emphasis Added.) The term "prevailing party"

19  appears in several federal fee shifting statutes, and it has been the Court's policy to

20  interpret this term consistently. *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct.

21  1642, 1646 (2016). The Supreme Court has defined "prevailing party" as a party in

22  whose favor a judgment is rendered regardless of the amount of damages

23  awarded." *Buckhannon Bd. & Care Home, Inc. v. W. Va .Dep't of Health &*

24  *Human Res.*, 532 U.S. 598, 603 (2001) (quoting Black's Law Dictionary1145 (7th

25  ed. 1999)). The Supreme Court has also held a defendant is permitted to recover

26  fees whenever the plaintiff's claim was "frivolous, unreasonable, or groundless"

27  and the case was resolved in the defendant's favor. *CRST Van Expedited*, 136 S.

28

OPPOSITION TO MOTION
FOR ATTORNEY'S FEES

1   Ct. at 1646.

2          There must always be some sort of judicial action which alters the nature of

3   the relationship between the parties before one side can be considered the

4   prevailing party. "The Supreme Court has said that 'the touchstone of the

5   prevailing party inquiry must be the material alteration of the legal relationship of

6   the parties. This change must be marked by judicial imprimatur." *O.F. Mossberg &*

7   *Sons, Inc. v. Timney Triggers, Inc.*, 955 F.3d 990,  (Fed Cir. 2020)[1] citing *CRST*

8   *Van Expedited*. The Court in *O.F. Mossberg* noted "[t]he issue here is not whether

9   there was a final decision on the merits. It is whether there was a final decision at

10  all." *O.F. Mossberg*, 995 F.3d at 992. The Federal Circuit in *O.F. Mossberg* also

11  noted none of the prior cases cited by the parties "went so far as to hold that one

12  could become a prevailing party without a final court decision."

13         The Defendants do not qualify as a prevailing party here because there was

14  no judicial decision which changed the legal nature of the relations between the

15  parties. Defendants filed a Request to Extend the Discovery Cut-Off Date (ECF.

16  No. 40) with the Court on August 10, 2023. The Court subsequently issued an

17  order (ECF No. 41) on the same date which required all parties to either (1)

18  stipulate to dismissal of the case with prejudice or (2) appear in person on August

19  16 , 2023. The Defendants agreed to enter into a stipulation with the Plaintiffs to

20  dismiss the case with prejudice pursuant to Federal Rule of Civil Procedure

21  41(a)(1)(A)(ii) and the stipulation was filed on August 14, 2023. (ECF No. 42)

22         There was no judicial order or requirement for the Defendants dismiss the

23  case in this action. They had the option to refuse to stipulate and continue to

24  litigate the case. They chose not to do so and instead voluntarily decided to give up

25

26  [1]The decision in *O.F. Mossberg* was decided under 35 U.S.C. which relates to patents, not trademarks. As the Defendants pointed out in their opening memorandum, however, the fee shifting provisions for patent and trademark
27  actions are decided in the same way. Motion at 3, note 1.

28

OPPOSITION TO MOTION
                                                        FOR ATTORNEY'S FEES

1  their right to litigate the issues raised in the Complaint. That voluntary decision

2  means the Defendants are not the prevailing parties here. There was no final court

3  decision as required in *O.F. Mossberg*.

4     The Tenth Circuit held in *Xlear, Inc. v. Focus Nutrition, LLC*, 893 F.3d 1227

5  (10th Cir. 2018), a voluntary a dismissal under Rule 41(a)(1)(A)(ii) does not make a

6  Defendant a prevailing party under 15 U.S.C. § 1117. The Defendant in *Xlear* filed

7  a motion to dismiss the case, which was denied by the Court. The parties

8  subsequently stipulated to a voluntary dismissal of all claims with prejudice but

9  reserved their rights to seek attorney's fees. The Defendant the filed a fee motion,

10 which was granted by the District Court. On appeal, the Tenth Circuit reversed,

11 stating "[w]e reverse the district court's award of attorneys' fees under the Lanham

12 Act because [the Defendant] is not a prevailing party under federal law." *Xlear,*

13 893 F.3d at 1231. The *Xlear* court stated "a litigant must demonstrate the existence

14 of judicial *imprimatur* by identifying judicial action that altered or modified the

15 legal rights of the parties." *Xlear,* 893 F.3d at 1239.

16    The Court should follow the holding in *Xlear* and find that the Defendants

17 do not qualify as prevailing parties in this case. Defendants' motion does not make

18 any attempt to demonstrate any legal action which "altered or modified the legal

19 rights of the parties." Instead, Defendants completely ignore the necessary

20 prevailing party analysis and just blithely assume they are entitled to an award of

21 fees. The Court should reject this position.

22 C.    The Defendants Have Not Demonstrated the Present Case Qualifies as

23        Exceptional.

24    Even if the Defendants are the prevailing parties, they are not entitled to an

25 award of fees, because the present case does not qualify as exceptional. Plaintiffs

26 agree the general standards set forth by the Supreme Court in *Octane Fitness LLC*

27 *v. ICON Health & Fitness*, 572 U.S. 545 (204) should be used to determine

28

OPPOSITION TO MOTION
FOR ATTORNEY'S FEES

1  whether or not a particular case should be considered exceptional. "We hold, then,

2  that an 'exceptional' case is simply one that stands out from others with respect to

3  the substantive strength of a party's litigating position (considering both the

4  governing law and the facts of the case) or the unreasonable manner in which the

5  case was litigated." *Octane Fitness*, 572 U.S. at 558.

6        The sole basis Plaintiffs advance to have this case declared exceptional are

7  alleged bad feelings between Plaintiff Shalon Doney Defendant Adam Campbell.

8  Ms. Doney and Mr. Campbell are married and presently engaged in divorce

9  proceedings in the Orange County Superior Court. It is not surprising that two

10 spouses who are in the middle of a divorce might have feelings of animus for each

11 other. However, that does not make the present case exceptional under the

12 Trademark statute.

13       The alleged text messages are referenced in the declaration of Adam

14 Campbell which was filed as ECF No. 45-1. The declaration states in Paragraph 13

15 that copies of the messages are attached as Exhibit 1. However, the declaration

16 which was filed with the Court and which was served on Plaintiffs' counsel does

17 not include copies of any messages. There is no exhibit. *See*, Hurey Decl., ¶ __.

18 Without copies of the messages at issue, Mr. Campbell's declaration becomes

19 hearsay, and should be disregarded by the Court.

20       Defendants have not cited any cases which hold a trademark lawsuit where

21 there are feelings of ill between the parties constitutes an exceptional case. Even if

22 Ms. Doney sent the alleged messages at issue (which she denies) the vast majority

23 of them pertain to personal matters between her and Mr. Campbell and are

24 completely irrelevant to the present suit.

25       Defendants make a passing reference to a discovery dispute at the top of

26 page 5 of their memorandum. However, discovery issues and disputes arise in

27 almost all cases and are certainly not unusual in any way. They are the norm, not

28

OPPOSITION TO MOTION
FOR ATTORNEY'S FEES

the exception. In any event, Defendants do not provide any real, concrete examples of Plaintiffs litigating the present case in an unreasonable manner.

The fact of the matter is the present case is run-of the mill and not exceptional. Plaintiff's complaint contains factual allegations which, if proven at trial will support a finding of infringement. Defendants do not present any evidence which shows that Plaintiff's litigation position is weak. Plaintiffs note the Defendants did not file a motion to dismiss the present case under Rule 12(b)(6). Instead, they merely filed an answer. Similarly, Defendants did not seek summary judgment. If the Plaintiffs' case was so weak, then presumably the Defendants would have found a way to get rid of this litigation earlier, or at least made an attempt to do so.

Defendant chose to dismiss this case for the simple reason she cannot afford to continue to litigate. Instead of continuing with this case, she has decided to use her resources in connection with her divorce proceeding. Here actions in litigating this case are entirely reasonable. By dismissing the case, all of the parties are able to save on litigation expenses and judicial resources are freed up for other matters.

D.     The Amount of Fees Being sought by the Plaintiffs are Unreasonable.

The amount of fees being sought by the Plaintiffs are unreasonable. Defendants' motion also contradicts the prior statements of Defense counsel concerning the amount of time he has spent on this case, and the true value he is charging his clients.

Plaintiffs are filing with this motion the declarations of Michael Hurey (who is counsel for Plaintiff) and Douglas Ryan. Both Mr. Hurey and Mr. Ryan confirm Defense counsel Dan Miller stated in early August of 2023 that he had spent 40 hours of time on this case. That amount is significantly less than the 111.25 hours the Defendants are seeking to recover with the present motion.

OPPOSITION TO MOTION
FOR ATTORNEY'S FEES

Mr. Miller sent an email to Mr. Hurey on August 9, 2023. In that email he stated he was willing to reduce his bill to $10,000 for settlement purposes. See, Hurey Decl., ¶ Exhibit 1. ("I have already agreed to reduce my bill to $10,000 for this settlement discussion . . . .") It therefore appears Mr. Miller is values his services at $10,000, regardless of the amount of time he put into the case. In light of this admission on the part of Defense counsel, Plaintiffs suggest any award of fees should not be any more than $10,000.00.

## III.    CONCLUSION

In light of the foregoing reasons, Defendants' motion for an award of attorney's fees should be denied. In the event the Court is inclined to award fees, the amount should be a maximum of $10,000.

KLEINBERG & LERNER, LLP

Dated: September 11, 2023

By:  */x/ Michael Hurey*
Michael Hurey
Attorneys for Plaintiffs
THE BLACKLIST ONLINE, LLC,
and SHALON DONEY

OPPOSITION TO MOTION
FOR ATTORNEY'S FEES